**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOORULLAH KHAN,

    Plaintiff,

  v.

JONATHAN SCHARFEN, Director, United States Citizenship and Immigration Services,

    Defendant.

No. C-08-1679 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING HEARING**

    Before the Court are defendant's "Motion to Dismiss," filed May 27, 2008, and plaintiff's "Cross-Motion for Leave to File First Amended Complaint," filed June 3, 2008. Both matters have been fully briefed. Having considered the papers filed in support of and in opposition to the motion and cross-motion, the Court finds the matters appropriate for resolution without oral argument, hereby VACATES the July 25, 2008 hearing on the matters, and rules as follows.

    On March 27, 2008, plaintiff filed his complaint in the above-titled matter, alleging a single claim under the Administrative Procedures Act ("APA"); in particular, plaintiff alleges defendant's denial of his application for adjustment of status was arbitrary, capricious, and contrary to law. On April 23, 2008, United States Citizenship and Immigration Services ("USCIS") reopened plaintiff's application for adjustment of status. Defendant contends the

Court no longer has subject matter jurisdiction for the reason there no longer exists a "final agency action."  See 5 U.S.C. § 704 (providing for judicial review of "final agency action").

In his opposition, plaintiff does not contest the absence of jurisdiction on the basis of the current complaint; rather, plaintiff seeks leave to file a First Amended Complaint ("FAC") in order to bring a new claim to compel immediate adjudication of plaintiff's application, based on defendant's failure to conclude action on plaintiff's application within "a reasonable time."  (See Pl.'s Cross-Mot. for Leave to File First Am. Compl. Ex. A (proposed FAC) ¶¶ 9-10.)  Given that plaintiff does not contest the Court's lack of jurisdiction over the claims alleged in plaintiff's original complaint, defendant's motion to dismiss will be granted.

The Court next considers whether such dismissal should be without prejudice to the filing of an amended complaint, as plaintiff requests.  Where, as here, a responsive pleading has been filed, plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  Generally, leave to amend should be granted with "extreme liberality."  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  The factors the Court considers, in deciding whether justice requires granting leave to amend, include the presence or absence of undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment.  See id. at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  "[T]he consideration of prejudice to the opposing party carries the greatest weight."  Id.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Id. (emphasis in original).

Defendant argues, in essence, the proposed amendment would be futile, on two grounds.  First, defendant asserts, adjudication of plaintiff's application, including the timing thereof, is within USCIS's discretion and, because the APA does not provide a meaningful

2

1 standard against which to judge the exercise of such discretion, the agency's decision is
2 unreviewable.  Second, defendant asserts, plaintiff's proposed FAC lacks merit; in
3 particular, defendant argues the time that has elapsed to date, following defendant's
4 reopening of plaintiff's application, a period of approximately three months, is not
5 unreasonable.

6       Contrary to defendant's first argument, the APA provides a meaningful standard
7 against which the Court may evaluate defendant's exercise of discretion; in particular,
8 section 555(b) of the APA provides that an agency "shall conclude a matter presented" to
9 the agency "within a reasonable time," see 5 U.S.C. § 555(b).  See, e.g., Soneji v. Dept. of
10 Homeland Security, 525 F.Supp.2d 1151, 1156 (N.D. Cal. 2007) (holding § 555(b) provides
11 adequate standard for determining reasonableness of delay in adjudicating plaintiff's
12 application for adjustment of status); Liu v. Chertoff, 2007 U.S. Dist. LEXIS 56021 at *3
13 (N.D. Cal. July 23, 2007) (finding § 555(b) "establishes a non-discretionary duty to
14 complete the adjudication of [a petition for adjustment of status] 'within a reasonable
15 time'"); see also Clayton v. Chertoff, 2007 WL 2904049 at *5 (N.D. Cal. Oct. 1, 2007)
16 (finding court has power under APA to "'compel agency action . . . unreasonably delayed'").

17       Defendant's second argument, that a delay of approximately three months cannot,
18 as a matter of law, be deemed unreasonable, likewise is unavailing; defendant has failed to
19 show the period relevant to the Court's consideration of the issue of reasonableness could
20 only encompass the time elapsed from the re-opening of plaintiff's application to the
21 present, as opposed to a period measured from the date plaintiff initially filed his
22 application, specifically, December 21, 2001.  Defendant does not contend that a delay of
23 approximately six and one-half years would be considered reasonable.

24       In sum, defendant has not shown the proposed amendment would be futile, and,
25 given the absence of any showing as to the other factors weighing against amendment, the
26 Court finds the requested relief is warranted.

27       Accordingly, defendant's motion to dismiss is hereby GRANTED and plaintiff's
28 motion for leave to amend is hereby GRANTED.  Plaintiff shall file his First Amended

1  Complaint no later than July 30, 2008.

2  **IT IS SO ORDERED.**

3  Dated: July 23, 2008                                    _____
                                                            MAXINE M. CHESNEY
4                                                           United States District Judge