IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOORULLAH KHAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JONATHAN SCHARFEN,<br><br>    Defendant.<br>_____/ | No. C-08-1679 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DEFERRING RULING ON MOTIONS FOR SUMMARY JUDGMENT; AFFORDING PARTIES OPPORTUNITY TO SUPPLEMENT RECORD** |

    Before the Court are defendant's motion to dismiss plaintiff's First Amended Complaint ("FAC")[1] or, in the alternative, for summary judgment, filed November 14, 2008, and plaintiff's cross-motion for summary judgment and opposition to defendant's motion, filed November 18, 2008. On November 28, 2008, defendant filed a reply to plaintiff's opposition and an opposition to plaintiff's cross-motion. On December 2, 2008, plaintiff filed a sur-reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, and rules as follows.

**BACKGROUND**

    On December 14, 2001, plaintiff filed an application with the United States

---

[1] On September 30, 2008, defendant answered the First Amended Complaint. Accordingly, the Court construes the motion to dismiss as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(b), 12(c).

Citizenship and Immigration Services ("USCIS") to have his status adjusted from asylee to alien lawfully admitted for permanent residence.  (See FAC ¶¶ 3-5 & Ex. B.)  On February 22, 2008, the USCIS denied plaintiff's application on the ground plaintiff was "inadmissible for having engaged in a terrorist activity."  (See id. ¶ 6 & Ex. C, at 5.)  On April 23, 2008, the USCIS re-opened plaintiff's application and placed it on hold (see id. ¶ 7 & Ex. D), based on newly-enacted legislation expanding the authority of the USCIS to "exempt certain terrorist-related inadmissibility grounds" for denial (see Mot. Ex. B).  To date, no final decision has been made on the re-opened application.

In his First Amended Complaint, plaintiff alleges that the USCIS's continuing failure to adjudicate his application violates 8 U.S.C. § 1159(b), 8 C.F.R. § 209.2, and 5 U.S.C. § 555(b), which provides, in relevant part: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  See § 555(b).

**DISCUSSION**

**A. Defendant's Motion to Dismiss**

In his motion to dismiss, defendant, citing 8 U.S.C. §§ 1159(b), 1182(d)(3)(B), and 1252(g), contends the Court lacks subject matter jurisdiction over plaintiff's claims, for the reason that adjustment of status is within the sole, and nonreviewable, discretion of the USCIS.  See 8 U.S.C. § 1159(b) (providing "[t]he Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion . . . may adjust to the status of an alien lawfully admitted for permanent residence the status of an alien granted asylum"); id. § 1182(d)(3)(B) (providing Secretary of State or Secretary of Homeland Security "may determine in such Secretary's sole unreviewable discretion" to exempt alien from inadmissibility on basis of involvement with terrorist activities); id. § 1252(g) (providing "no court shall have jurisdiction" to hear claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders").  In particular, defendant argues the timing of any such discretionary adjudication is a "part of" the agency's adjudicative process (see Mot. at 6:3),

and thus likewise is not subject to judicial review. In further support of such position, defendant notes the lack of a statutory time-frame within which adjustment of status applications must be adjudicated.

As noted, plaintiff alleges that defendant has failed to adjudicate plaintiff's application "within a reasonable time." See § 555(b). Under the Administrative Procedures Act ("APA"), courts have jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." See 5 U.S.C. § 706(1). A claim under § 706(1) can proceed, however, "only where a plaintiff asserts that an agency failed to take a discrete action that it is required to take." See Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphasis omitted).

Numerous district courts, citing § 555(b) and 8 C.F.R. § 209.2(f),[2] have held the USCIS has a non-discretionary duty to make decisions on adjustment of status applications within a "reasonable" period of time. See, e.g., Kousar v. Mueller, 549 F. Supp. 2d 1194, 1198 (N.D. Cal. 2008) (holding USCIS has "ministerial duty to act on" adjustment of status application "within a reasonable time"); Yu v. Chertoff, No. C 06-7878 CW, 2007 WL 1742850, at *3 (N.D. Cal. June 14, 2007) ("Plaintiffs have a right to have their applications [for adjustment of status] processed without unreasonable delay."); Quan v. Chertoff, No. SC 06-7881, 2007 WL 1655601, at *2 (N.D. Cal. June 7, 2007) (holding USCIS has "non-discretionary duty" to adjudicate adjustment of status applications "in a reasonable time"); see also Chen v. Chertoff, No. C 07-2816 MEJ, 2008 WL 205279, at *2 (N.D. Cal. Jan. 23, 2008) (noting lack of statutory time-frame for adjudication of adjustment of status applications "gives [USCIS] some flexibility in determining the timing of a decision" but does not alter obligation to adjudicate applications "within a reasonable amount of time"). The Court finds the reasoning of those cases persuasive. In particular, as one such court has noted, "there is a difference between [USCIS's] discretion over how to resolve an application and [USCIS's] discretion over whether it resolves an application." See, e.g.,

---

[2] The above-referenced regulation provides that an applicant for adjustment of status "shall be notified of the decision." See 8 C.F.R. § 209.2(f).

1  Singh v. Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007).  As USCIS has a non-
2  discretionary duty to adjudicate adjustment of status applications, the Court finds the Court
3  has jurisdiction under the APA to compel such adjudication "within a reasonable time."  See
4  § 555(b); § 706(1).
5        Accordingly, defendant's motion to dismiss will be denied.

**B.  Motions for Summary Judgment**

7        In determining whether agency action has been "unlawfully withheld or unreasonably
8  delayed," see § 706(1), courts look to what are commonly described as the "TRAC factors,"
9  see Independence Mining Co., Inc. v. Babbitt, 103 F.3d 502, 507 (9th Cir. 1997).  Those
10 factors are the following:

> (1) [T]he time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing authority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

17 See Independence Mining Co., 105 F.3d at 507 n.7 (quoting Telecomms. Research &
18 Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984)) (alterations in original); see also
19 Kousar, 549 F. Supp. 2d at 1198 (applying TRAC factors in action to compel decision on
20 adjustment of status application); Quan, 2007 WL 1655601, at *4 (same).  Additionally,
21 where a plaintiff has alleged that a decision on his adjustment of status application has
22 been unreasonably delayed, courts "look to the source of the delay."  See, e.g., Singh, 470
23 F. Supp. 2d at 1068.

      **1.  Plaintiff's Motion for Summary Judgment**

25       On the record before the Court, plaintiff has failed to demonstrate he is entitled to
26 summary judgment.  Plaintiff argues he has been "waiting" for "more than 7 years" for an
27 adjudication of his application.  (See Opp'n/Cross-Mot. at 3:2; Sur-Reply at 3:17-18.)  As
28 noted, however, plaintiff's application was adjudicated, unfavorably to plaintiff, and

1 thereafter re-opened, to plaintiff's benefit.  Consequently, the period under consideration
2 comprises the roughly eight months following the re-opening of plaintiff's application.[3]
3 Although plaintiff argues his application has now been "placed on an indefinite hold" (see
4 Opp'n/Cross-Mot. at 8:13-14), plaintiff offers insufficient evidence to support such
5 assertion.[4]  Consequently, plaintiff has failed to demonstrate he is entitled to summary
6 judgment.

### 2. Defendant's Motion for Summary Judgment

Defendant, in support of his motion, first argues plaintiff has failed to show that any delay in the adjudication of plaintiff's application has been unreasonable.  Although a party without the burden of proof at trial may meet its initial burden on summary judgment "by showing – that is, pointing out to the district court – that there is an absence of evidence to support the moving party's case," the moving party "may not use a summary judgment motion as a substitute for discovery."  See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105 (9th Cir. 2000).  Consequently, "[a] moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence."  See id.  Here, defendant has, in essence, simply said plaintiff lacks evidence to prove his claim of unreasonable delay.  See id. (noting, in typical case, "the moving party will have made reasonable efforts, using the normal tools of discovery, to discover whether the nonmoving party has enough evidence to carry its burden of persuasion at trial").  Consequently, to the extent defendant's motion is based on an asserted lack of evidence on plaintiff's part, defendant has failed to meet his initial burden on summary judgment.

As an alternative basis for summary judgment, a party without the burden of proof at

---

[3]Such finding is not meant to suggest, however, that, as an evidentiary matter, events occurring before the re-opening of plaintiff's application are necessarily irrelevant to the instant determination.

[4]Plaintiff devotes considerable time to an argument that plaintiff is not inadmissible on the basis of his having engaged in terrorist activities.  Such argument goes to the merits of a denial, if issued, however, rather than to the timing of any such determination.

1 trial can meet its initial burden on summary judgment by "produc[ing] evidence negating an essential element of the nonmoving party's case." See id. at 1106.  Here, defendant asserts that any delay in adjudicating plaintiff's application has been reasonable because the process for "exempting an applicant like [p]laintiff" is "cumbersome and takes considerable time." (See Mot. at 19-20).  Defendant, however, fails to provide any evidence with respect to the USCIS's review of plaintiff's individual application.  In particular, defendant has failed to provide evidence of any actions that remain to be taken with respect to plaintiff's application or the reasons why such actions have not been completed to date.  Consequently, to the extent defendant's motion is based on the negation of an essential element of plaintiff's case, defendant likewise has failed to meet his initial burden on summary judgment.

**3. Supplemental Showing**

Before proceeding further with the action, the Court will afford the parties an opportunity to supplement the record made to date.

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby DENIED.

2. Ruling on the parties' respective motions for summary judgment is hereby DEFERRED.  Each party may file, no later than January 9, 2009, one or more declarations in support of his motion.  No later than January 23, 2009, each party may file one or more declarations in response thereto.

3. The hearing on the parties' respective motions for summary judgment is hereby CONTINUED to February 6, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  December 17, 2008

MAXINE M. CHESNEY
United States District Judge