IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOORULLAH KHAN,<br><br>         Plaintiff,<br><br>   v.<br><br>JONATHAN SCHARFEN, Acting Director, United States Citizenship and Immigration Services,<br><br>         Defendant.  / | No. C-08-1679 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

     Before the Court are the motion for summary judgment, filed November 14, 2008 by defendant Jonathan Scharfen, acting in his official capacity as Acting Director, United States Citizenship and Immigration Services ("USCIS"), and the opposition/cross-motion for summary judgment, filed November 18, 2008 by plaintiff. On November 28, 2008, defendant filed a reply to plaintiff's opposition and an opposition to plaintiff's cross-motion. On December 2, 2008, plaintiff filed a sur-reply. On December 17, 2008, the Court afforded the parties an opportunity to supplement the record. Thereafter, the parties filed additional declarations in support of their respective motions. On February 6, 2009, the Court conducted a hearing on the motions, at which hearing Paul M. Kaplan and Jonathan M. Kaufman appeared on behalf of plaintiff and Christopher W. Hollis appeared on behalf of defendant. At the conclusion of the hearing, the Court afforded each party an opportunity to submit further briefing, and each party subsequently filed a supplemental memorandum.

     Having read and considered the papers filed in support of and in opposition to the motions, as well as the arguments of counsel at the February 6, 2009 hearing, the Court,

1  for the reasons stated on the record at the hearing and as set forth below, finds plaintiff has
2  failed to show there has been an unreasonable delay in the adjudication of his application
3  for adjustment of status.
4        First, as discussed on the record at the time of the hearing, plaintiff has failed to
5  show any unreasonable delay on the part of the USCIS in connection with the handling of
6  plaintiff's application in the approximately 11 months that have elapsed subsequent to the
7  re-opening of such application on April 23, 2008.
8        Second, plaintiff has failed to show the time period relevant to the instant analysis
9  should be deemed to begin at the time plaintiff first filed his application for adjustment of
10 status approximately seven years ago.  In particular, plaintiff has not demonstrated any
11 procedural irregularity pertained in connection with the USCIS's denial of his application,
12 such that said determination should be deemed, in essence, not to have been made.  In
13 that regard, plaintiff has failed to show an interview with such an asylee applicant is
14 required in every case.  See 63 Fed. Reg. 30105, 30107 (June 3, 1998) (explaining
15 Immigration and Naturalization Service amended 8 C.F.R. § 209.2(e) "to allow the Service
16 to review an application for asylum-based permanent residence and determine if a final
17 decision on the application can be made without an interview").  Nor has plaintiff shown the
18 "Exemption Worksheet" had been adopted, let alone was required to be completed, at the
19 time USCIS denied plaintiff's application on February 22, 2008.  (See Pl.'s Supp. Mem. Ex.
20 A at 7 (Memorandum from Michael L. Aytes, Acting Deputy Director, dated July 28, 2008,
21 notifying associate directors of agency's issuance of "[n]ew" worksheet).)  Further, plaintiff
22 has failed to identify any "[d]erogatory information" on which USCIS based its determination
23 and which was "unknown" to plaintiff.  See 8 C.F.R. § 103.2(b)(16)(i).
24       Accordingly, defendant's motion for summary judgment is hereby GRANTED, and
25 plaintiff's motion for summary judgment is hereby DENIED.
26       **IT IS SO ORDERED.**
27 Dated: April 6, 2009
28                                         _____
                                           MAXINE M. CHESNEY
                                           United States District Judge